1  HUESTON HENNIGAN LLP
   Alison L. Plessman, State Bar No. 250631
2  aplessman@hueston.com
   Douglas J. Dixon, State Bar No. 275389
3  ddixon@hueston.com
   William M. Larsen, State Bar No. 314091
4  wlarsen@hueston.com
   523 West 6th Street, Suite 400
5  Los Angeles, CA 90014
   Telephone: (213) 788-4340
6  Facsimile: (888) 775-0898

7  Attorneys for Defendant PacifiCorp

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SISKIYOU COUNTY, a political subdivision of the State of California, duly organized and existing by virtue of the laws of the State of California, | Case No. |
| Plaintiff, | **DEFENDANT PACIFICORP'S NOTICE OF REMOVAL OF CIVIL ACTION** |
| vs. | |
| PACIFICORP, and DOES 1 through 50, | |
| Defendants. | |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1332, 1441, and 1446, Defendant PacifiCorp hereby gives notice of the removal of the action *Siskiyou County v. PacifiCorp et al*, which was pending in the Superior Court of California, County of Sacramento, to this United States District Court for the Eastern District of California.

In support of removal, PacifiCorp states as follows:

1. On August 10, 2022, Plaintiff Siskiyou County ("Plaintiff") filed a Complaint in the Superior Court of California, County of Sacramento, Case No. 34-2022-00324977 ("State Court Action"). A true and correct copy of the Complaint is attached to this Notice as **Exhibit A**.

2. On August 12, 2022, the Superior Court issued a Notice and Order of Complex Case Determination, a true and correct copy of which is attached to this Notice as **Exhibit B**.

3. On August 23, 2022, the Complaint and Summons was served on PacifiCorp. A true and correct copy of the Summons, Complaint, Civil Case Cover Sheet, and Notice of Related Cases is attached to this Notice as **Exhibit C**.

4. On September 8, 2022, PacifiCorp filed its Answer to the Complaint in the State Court Action. A true and correct copy of PacifiCorp's Answer is attached to this Notice as **Exhibit D**.

5. No other process, pleadings, or orders have been served on PacifiCorp in the State Court Action. (Declaration of William M. Larsen ("Larsen Decl.") ¶ 2.)

### DIVERSITY JURISDICTION

6. Removal of the State Court Action is proper under 28 U.S.C. §§ 1332 and 1441 because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests.

7. First, there is complete diversity between Plaintiff and PacifiCorp. Plaintiffs correctly allege that Siskiyou County is "a political subdivision of the State of California, duly organized and existing by virtue of the laws of the State of California." (Complaint ¶ 15.) And "for purposes of diversity of citizenship, political subdivisions are citizens of their respective States." *Moor v. Alameda County*, 411 US 693, 718 (1973) (citation omitted). For that reason, the United States Supreme Court has recognized for nearly five decades that a California county (like Siskiyou County)

"has a sufficiently independent corporate character to dictate that it be treated as a citizen of California"—and thus that suits by counties against out of state entities are "within the diversity jurisdiction." *Id*. at 721; *see also Williams v. County of Fresno*, 2021 WL 3052526, at *4 (E.D. Cal. 2021) ("For the purposes of diversity, the County of Fresno is a citizen of the State of California."); *Selck v. County of Sacramento*, 2019 WL 4259753, at *3 (E.D. Cal. Sept. 6, 2019) (treating Sacramento County as a citizen of California).

8. Meanwhile, a corporation is a citizen both of the state where it was incorporated and the state where it has its primary place of business. 28 U.S.C. § 1332(c). A corporation's principal place of business is "normally" the "place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). Here, PacifiCorp is "an Oregon corporation" (Complaint ¶ 16) and maintains its headquarters in Portland, Oregon. (Larsen Decl. ¶ 3.) PacifiCorp is therefore a citizen of Oregon because PacifiCorp is both incorporated in Oregon and has its primary place of business in Oregon.

9. Finally, "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of determining removability based on diversity of citizenship. 28 U.S.C. § 1441(b)(1). Therefore, the potential citizenship of the Doe Defendants does not factor into this analysis, nor does the Complaint include any allegations about the citizenship of the Doe Defendants.

10. In addition, the amount in controversy exceeds "$75,000 exclusive of interest and costs." 28 U.S.C. § 1332(a). Where, as here, the "complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). When the amount in controversy is not specified in the complaint, the Court may consider the facts alleged in the complaint as well as in the notice of removal. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002). For diversity purposes, the amount in controversy is determined "by the amount of damages or the value of the property that is the subject of the action," and the Court may consider "compensatory and punitive damages as well as attorney fees." *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005). At this stage, all that is required for purposes of the removal notice is "a plausible allegation that the amount in controversy exceeds the

1   jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89
2   (2014).  A removing party's amount-in-controversy allegation "should be accepted when not
3   contested by the plaintiff or questioned by the court." *Id*. at 87.

4          11.    Here, the Complaint itself does not specify an exact damages number, but there can
5   be little question that the amount in controversy exceeds $75,000.  Accepting for purposes of removal
6   that the allegations in the Complaint are true, Plaintiff has alleged more than 25 different injuries for
7   which it seeks to recover money damages, including, but not limited to, fire suppression costs,
8   damage to public infrastructure, loss of natural resources, additional law enforcement costs, loss of
9   tax revenues, damage to tourism and economic development, costs of debris removal, and staff
10  overtime costs.  (*See, e.g.*, Complaint ¶ 56.)  Plaintiff also seeks in its Prayer for Relief costs for
11  "restoration and rehabilitation of land," erosion damage, and damages for "wrongful injuries to
12  timber, trees, or underwood on its property," as well as attorneys' fees, litigation costs, and punitive
13  and exemplary damages.  (*Id*. at 32 (Prayer for Relief).)  Plaintiff attributes these wide-ranging
14  damages to a wildfire that allegedly "burned approximately 158,000 acres."  (*Id*. ¶ 2.)  If proven,
15  Plaintiff's requested damages for would be well in excess of $75,000.

16         12.    Verdicts and settlements in wildfire litigation have well exceeded $75,000.  For
17  example, Pacific Gas & Electric settled with victims of the Camp Fire and Tubbs Fire for $13.5
18  *billion* in 2019.[1]  Plaintiffs' counsel's website reports several multi-million-dollar settlements in
19  wildfire cases.  (Larsen Decl. ¶ 5.)  In litigation over the Moonlight Fire, the California Court of
20  Appeal noted that plaintiffs had sought "damages in the tens of millions of dollars."  *See Dep't of*
21  *Forestry & Fire Prot. v. Howell*, 18 Cal. App. 4th 154, 202 (Cal. Ct. App. 2017).

22         13.    Indeed, in other lawsuits against PacifiCorp in Oregon state court—where plaintiffs
23  must allege a specific dollar amount of damages—with similar claims to those presented here,
24  plaintiffs have sought hundreds of millions of dollars in damages.  (*See* Larsen Decl. ¶ 6.)

25         14.    Based on the foregoing, this Court has original jurisdiction over this action, and

---

[1] *See* Derek Hawkins, "PG&E reaches $13.5 billion settlement with California wildfire victims," Washington Post (December 6, 2019), https://www.washingtonpost.com/nation/2019/12/06/pge-reaches-billion-settlement-with-california-wildfire-victims/ (last visited September 7, 2022).

removal to this Court from the Superior Court is proper under 28 U.S.C. §§ 1332 and 1441.

## REMOVAL IS TIMELY

15. Plaintiffs filed the State Court Action against PacifiCorp on or about August 10, 2022. Plaintiffs served PacifiCorp with a copy of the Complaint and Summons on August 23, 2022. This Notice of Removal is thus timely because PacifiCorp has filed it within 30 days of service. *See* 28 U.S.C. § 1446(b).

## VENUE IS PROPER IN THIS COURT

16. The U.S. District Court for the Eastern District of California is the "district and division within which [the state court action] is pending." Thus, venue in this Court is proper under 28 U.S.C. § 1446(a); *see also* 28 U.S.C. § 1441(a) (removed actions must be brought in the "district and division embracing the place where such action is pending").

## PACIFICORP CONSENTS TO REMOVAL

17. The undersigned counsel represents PacifiCorp in this case. PacifiCorp consents to removal. *See* 28 U.S.C. § 1446(b)(2)(A). The consent of the remaining unnamed Doe Defendants is not required. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants not required to join in removal petition).

## NOTICE TO PLAINTIFFS AND STATE COURT

18. Pursuant to 28 U.S.C. § 1446(d), PacifiCorp will promptly serve upon Plaintiff's counsel of record and file with the Sacramento County Superior Court a true and correct copy of this Notice of Removal.

By removing this action to this Court, PacifiCorp does not waive but instead expressly preserves any and all arguments and defenses available to them.

WHEREFORE, PacifiCorp respectfully removes this action from the Superior Court of the State of California, in and for the County of Sacramento, to this Court pursuant to 28 U.S.C. § 1441(b).

///

///

///

| | | |
|---|---|---|
| 1 | Dated:  September 8, 2022 | Respectfully submitted, |
| 2 | | |
| 3 | | HUESTON HENNIGAN LLP |
| 4 | | |
| 5 | | By:  */s/ William M. Larsen*<br>      Alison L. Plessman |
| 6 | | Douglas J. Dixon<br>William M. Larsen<br>Attorneys for Defendant PacifiCorp |

- 5 -

DEFENDANT PACIFICORP'S NOTICE OF REMOVAL OF CIVIL ACTION

6255003