1  HUESTON HENNIGAN LLP
   Alison L. Plessman (SBN 250631)
2  aplessman@hueston.com
   Douglas J. Dixon (SBN 275389)
3  ddixon@hueston.com
   William M. Larsen (SBN 314091)
4  wlarsen@hueston.com
   523 West 6th Street, Suite 400
5  Los Angeles, CA 90014
   Telephone: (213) 788-4340
6  Facsimile: (888) 775-0898
7  Attorneys for Defendant PacifiCorp

   BARON & BUDD, P.C.
   JOHN P. FISKE (SBN 249256)
   jfiske@baronbudd.com
   JASON JULIUS (SBN 249036)
   jjulius@baronbudd.com
   VICTORIA SHERLIN (SBN 312337)
   tsherlin@baronbudd.com
   TAYLOR O'NEAL (SBN 336077)
   toneal@baronbudd.com
   11440 West Bernardo Court Suite 265
   San Diego, CA 92127
   Tel: 858-251-7424
   Fax: 214-520-1181

   DIXON DIAB & CHAMBERS LLP
   ED DIAB (SBN 262319)
   diab@theddcfirm.com
   DEBORAH S. DIXON (SBN 248965)
   ddixon@theddcfirm.com
   ROBERT J. CHAMBERS II (SBN 244688)
   rob@theddcfirm.com
   600 W Broadway, Suite 1540
   San Diego, CA 92101
   Tel: 619.354.2662

   Attorneys for Plaintiff Siskiyou County

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SISKIYOU COUNTY, a political subdivision of the State of California, duly organized and existing by virtue of the laws of the State of California, | No. 2:22-cv-1582 DAD DB |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| PACIFICORP, and DOES 1 through 50, | |
| Defendants. | |

This Stipulated Protective Order ("Protective Order") shall govern the production, review, disclosure, and handling of confidential information, which is subject to protection under the Federal Rules of Civil Procedure by any person or entity (each a "Party" and, collectively, the "Parties") in connection with the above-captioned case (the "Case"), pending in the United States District Court Eastern District of California (the "Court"). The Parties agree that good cause exists to protect the confidential nature of the information contained in certain documents.  One or more Parties have sought or may seek certain confidential information from one another in the Case as provided by the Federal Rules of Civil Procedure.  The Parties expect to exchange financial and other sensitive and confidential documents and information relating to the Case, including but not limited to, documentation and information that may have been initiated by or associated with non-parties to this litigation.  The Parties further expect to discover other privately held information relative to personal identifiers (such as date of birth), computer and electronic mail accounts, financial accounts, as well as e-mail, phone and other multimedia contacts and messages.  The Parties agree that the entry of Protective Order is warranted to protect against disclosure of such documents and information.  Based upon the above stipulation of the Parties, and the Court being duly advised:

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.      Good Cause.  The Court has reviewed the reasons offered in support of entry of this Protective Order and finds that there is good cause to protect the confidential nature of certain information.

2.      Designation of Confidential Material.  Each Party, and third parties subpoenaed by a Party, may request that documents, testimony, or other materials produced in this Case be designated "CONFIDENTIAL" if such materials contain information that the producing Party has a good faith basis for asserting is confidential under the applicable legal standards. Certain material in the possession of Public Entities, including Plaintiff, may be designated as confidential if it is protected from disclosure under federal and/or California law.

3.      Each Party, and third parties subpoenaed by a Party, may request that certain documents, testimony, or other materials produced in this Case that constitute highly confidential business or technical information which the producing Party reasonably believes to be highly

6303094

sensitive because it contains proprietary business, technical, or competitive information be designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY".

4.     Material that a party is requesting be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be referred to herein as "Confidential Material."

a.     The Party requesting the designation shall identify each page of proposed Confidential Material with a stamp identifying it as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," as appropriate, if practical to do so. A file produced natively shall be identified by containing "CONFIDENTIAL" or "CONFIDENTIAL-AEO" in the title of the file, labeling the media on which it is transmitted as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" (i.e. CD, thumb drive, etc.), or by including "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in the subject line of the email in which it is transmitted.

b.     Within thirty (30) days after receipt of the final transcript of the deposition of any Party or witness in this case, any Party or the witness may designate as Confidential Material any portion of the transcript that the Party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed in the manner described in paragraph 8.

5.     <u>Public or Known Information</u>. The protections conferred by this Protective Order do not apply to the following information: (a) any information that is in the public domain at the time of disclosure to a Party or becomes part of the public domain after its disclosure to a Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to a receiving Party prior to the disclosure or obtained by the receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the disclosing Party.

6.     <u>Disputes of Confidential Status</u>.   Each Party reserves the right to dispute the confidential status requested by any other Party or subpoenaed Party in accordance with this Protective Order.

6303094

a.      If a Party believes that any documents or materials have been inappropriately designated by another Party or subpoenaed Party, that Party shall send a written notice to counsel for the designating Party. This written notice shall (1) identify the documents or materials that the Party believes have been inappropriately designated, and (2) request a meet and confer conference via phone or in person. As part of that conferral, the designating Party must assess whether redaction is a viable alternative to complete non-disclosure. If the Parties are unable to resolve the matter informally, then the Party seeking to have the information designated as Confidential Material must promptly file an appropriate motion before the Court requesting that the Court determine that the material in question is Confidential Material.

b.      If the Party seeking to have the information designated as Confidential Material fails to file an appropriate motion before the Court within 30 days of receiving the written notice set forth in section (a), above, then the Party shall be deemed to have waived its rights to have the information designated as Confidential Material.

c.      If the Party seeking to have the information designated as Confidential Material files an appropriate motion before the Court within the 30 day period set forth in section (b), then the Party who disagrees with that Party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the Parties or by order of the Court.

d.      The Party seeking to protect information as Confidential Material bears the burden of establishing good cause; however, this Protective Order shall not be interpreted to shift or alter any existing burden under California law.

7.      <u>Use of Confidential Material</u>.   Confidential Material, including all information derived therefrom, shall not be used by any Party for any business, commercial, or competitive purpose and its use shall be restricted solely to the litigation of this Case.

8.      <u>Confidential Material Filed With the Court</u>.  Confidential Material shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when

any portion(s) of such pleadings, motions, briefs, etc. comprising Confidential Material have been filed in accordance with Local Rules 140, 141, and Judge Drozd's civil standing order, section V.

9.  <u>Persons Who May Use Material Designated as "CONFIDENTIAL</u>."  Use of any materials that the parties agree, or that the Court determines to be, Confidential Material, including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a.  Outside counsel of record for the Parties, and the administrative staff of outside counsel's firms.

b.  In-house counsel for the Parties, and the administrative staff for each in-house counsel.

c.  Any Party who is an individual, and every employee, director, officer, or manager of any Party who is not an individual.

d.  Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a Party or its attorneys for purposes of this litigation, provided that each independent expert first executes an "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" attached hereto as Exhibit A, and only to the extent necessary to further the interest of the Parties.

e.  The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the Parties during the litigation of this Case.

f.  The authors and the original recipients of the documents.

g.  Any court reporter or videographer reporting a deposition in this Case.

h.  Testifying witnesses at a deposition or trial in this Case, provided that each witness first executes an "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" attached hereto as Exhibit A.

STIPULATED PROTECTIVE ORDER

6303094

i.      Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the Parties during the litigation of this Case.

10.     <u>Persons Who May Use Material Designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY."</u>  Use of any materials that the parties agree, or that the Court determines to be, "CONFIDENTIAL-ATTORNEYS' EYES ONLY," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a.      Outside counsel of record for the Parties, and the administrative staff of outside counsel's firms.

b.      In-house counsel for the Parties, and the administrative staff for each in-house counsel.

c.      Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a Party or its attorneys for purposes of this litigation, provided that each independent expert first executes an "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" attached hereto as Exhibit A, and only to the extent necessary to further the interest of the Parties.

d.      The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the Parties during the litigation of this Case.

e.      The authors and the original recipients of the documents.

f.      Any court reporter or videographer reporting a deposition in this Case.

g.      Testifying witnesses at a deposition or trial in this Case, provided that each witness first executes an "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" attached hereto as Exhibit A.

h.      Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the Parties during the litigation of this Case.

STIPULATED PROTECTIVE ORDER

6303094

1    11.    _Depositions_.  A party designating deposition testimony as "CONFIDENTIAL" or

2  "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be specific as to the portions of the

3  transcript or any exhibit that the party is requesting be designated as "CONFIDENTIAL" or

4  "CONFIDENTIAL-ATTORNEYS' EYES ONLY".

5    12.    _Inadvertent Failure to Designate_.  The inadvertent failure to request a confidential

6  designation of a document, testimony, or other material as Confidential Material prior to disclosure

7  shall not operate as a waiver of the Party's right to later request designation of the document,

8  testimony, or other material as Confidential Material. Promptly after receiving notice from the

9  producing Party of a claim of confidentiality, the receiving Party or its counsel shall inform the

10  producing Party of all pertinent facts relating to the prior disclosure of the newly-designated

11  documents or materials, and shall make reasonable efforts to retrieve such documents and materials

12  and to prevent further disclosure.

13    13.    _Inadvertent Disclosure of Privileged Information_.  If a producing Party inadvertently

14  discloses information that is privileged or otherwise immune from discovery, the producing Party

15  shall promptly upon discovery of such disclosure advise the receiving Party in writing and request

16  that the item or items of information be returned or destroyed, and no party to this action shall

17  thereafter assert that such disclosure waived any privilege or immunity. The receiving Party will

18  immediately return or destroy the item or items requested (including any copies thereof as well as

19  any notes or other materials reflecting the content of any such item) and refrain from any use of such

20  information. Even before receiving any notification from the producing Party, if the receiving Party

21  believes that the producing Party has inadvertently produced information that is privileged or

22  otherwise immune from discovery, the receiving Party shall notify the producing Party and wait a

23  reasonable period of time for a response before using that information.

24    14.    _Disposal of Confidential Material_.  Upon the request of the producing Party or third

25  party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of

26  this case, or the execution of any agreement between the Parties to resolve amicably and settle this

27  case, the Parties and any person authorized by this Protective Order to receive Confidential Material

28  shall return to the producing Party or third party, or destroy, all information and documents subject

6303094

to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The Party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a Party may retain archival copies of confidential documents.

15.    <u>Security of Confidential Material</u>.    Confidential Material must be stored and maintained by a receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

16.    <u>Enforcement</u>. The Parties agree that any Party to this order has the right to enforce specific performance of the terms of this Protective Order and to apply for injunctive relief to enjoin any act that would violate the Protective Order.

17.    <u>Non-Waiver</u>.   This Protective Order shall not constitute a waiver of any Party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

18.    <u>Amendments</u>.  Nothing in this Protective Order shall prejudice any Party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

19.    <u>Survivability</u>.  The restrictions on disclosure and use of Confidential Material shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED this 30th day of November, 2022.

- 8 -
STIPULATED PROTECTIVE ORDER

6303094

BARON & BUDD, P.C.                           HUESTON HENNIGAN LLP

*/s/ Torri Sherlin*
_____
                                             */s/ William Larsen*
John P. Fiske (SBN 249256)                   _____
jfiske@baronbudd.com
Jason Julius (SBN 249036)                    William Larsen (SBN 314091)
jjulius@baronbudd.com                        wlarsen@hueston.com
Victoria Sherlin (SBN 312337)                Alison L. Plessman (SBN 250631)
tsherlin@baronbudd.com                       aplessman@hueston.com
Taylor O'Neal (SBN 336077)                   523 W. 6th Street, Suite 400
toneal@baronbudd.com                         Los Angeles, CA 90014
BARON & BUDD, P.C.                           Tel. (213) 788-4340
11440 West Bernardo Court, #265
San Diego, CA 92127                          Douglas J. Dixon (SBN 275389)
Tel. (858) 251-7424                          ddixon@hueston.com
                                             Derek Flores (SBN 304499)
Ed Diab (SBN 262319)                         dflores@hueston.com
diab@theddcfirm.com                          William Larsen (SBN 314091)
Deborah Dixon (SBN 248965)                   wlarsen@hueston.com
ddixon@theddcfirm.com                        620 Newport Center Drive, 13th Floor
Robert J. Chambers, II (SBN 244688)          Newport Beach, CA  92660
rob@theddcfirm.com                           Tel.  (949) 229-8640
DIXON DIAB & CHAMBERS LLP
600 W. Broadway, #1540                       Attorneys for Defendant PacifiCorp
San Diego, CA 92101
Tel. (619) 354-2662

Attorneys for Plaintiff Siskiyou County

STIPULATED PROTECTIVE ORDER

6303094

**ORDER**

IT IS HEREBY ORDERED that the parties' stipulation is granted.

IT IS FURTHER ORDERED THAT:

1.  Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2.  The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.  L.R. 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."  L.R. 141(b).

3.  A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4.  Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5.  With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

////

////

STIPULATED PROTECTIVE ORDER

6303094

1      6. The parties may not modify the terms of this Protective Order without the court's

2 approval.  If the parties agree to a potential modification, they shall submit a stipulation and

3 proposed order for the court's consideration.

4      7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement

5 of the terms of this Protective Order after the action is terminated.

6      8. Any provision in the parties' stipulation that is in conflict with anything in this order is

7 hereby DISAPPROVED.

8 DATED: December 1, 2022          /s/ DEBORAH BARNES

9                             UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER

6303094

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SISKIYOU COUNTY, a political subdivision of the State of California, duly organized and existing by virtue of the laws of the State of California,<br><br>        Plaintiff,<br><br>    vs.<br><br>PACIFICORP, and DOES 1 through 50,<br><br>        Defendants. | Case No. 2:22-cv-01582-DAD-DB<br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**<br><br>Judge:     Hon. Dale A. Drozd |

I,_____, hereby acknowledge receipt of a copy of the Stipulated Protective Order ("Protective Order") in the above-captioned action.  I am familiar with the provisions of the Protective Order and agree to be bound by it.  I agree not to copy or to use any Confidential Materials for any purpose other than in connection with the instant action, and agree not to reveal any or all such Confidential Materials to any person not authorized by this Agreement.

I further acknowledge and understand that for any violation of the provisions of said Agreement I am subject to the penalties of the Court and any and all penalties imposed upon me by law. I hereby submit to the jurisdiction of the United States District Court Eastern District of California for the purpose of enforcement of the Agreement and waive any and all objections to jurisdiction and venue with regard to the same.

Dated: _____     _____
                                 [printed name]

                                  _____
                                 [signature]

STIPULATED PROTECTIVE ORDER

6303094