HUESTON HENNIGAN LLP
Alison L. Plessman, State Bar No. 250631
aplessman@hueston.com
Douglas J. Dixon, State Bar No. 275389
ddixon@hueston.com
William M. Larsen, State Bar No. 314091
wlarsen@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898

Attorneys for Defendant PacifiCorp

BARON & BUDD, P.C.
JOHN P. FISKE (SBN 249256)
jfiske@baronbudd.com
JASON JULIUS (SBN 249036)
jjulius@baronbudd.com
VICTORIA SHERLIN (SBN 312337)
tsherlin@baronbudd.com
TAYLOR O'NEAL (SBN 336077)
toneal@baronbudd.com
11440 West Bernardo Court Suite 265
San Diego, CA 92127
Tel: 858-251-7424
Fax: 214-520-1181

DIXON DIAB & CHAMBERS LLP
ED DIAB (SBN 262319)
diab@theddcfirm.com
DEBORAH S. DIXON (SBN 248965)
ddixon@theddcfirm.com
ROBERT J. CHAMBERS II (SBN 244688)
rob@theddcfirm.com
600 W Broadway, Suite 1540
San Diego, CA 92101
Tel: 619.354.2662

Attorneys for Plaintiff Siskiyou County

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SISKIYOU COUNTY, a political subdivision of the State of California, duly organized and existing by virtue of the laws of the State of California,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFICORP, and DOES 1 through 50,<br><br>Defendants. | Case No. 2:22-cv-1582 DAD DB<br><br>**STIPULATION AND ORDER COORDINATING DISCOVERY** |

Pursuant to Local Rule 143, Plaintiff Siskiyou County ("Plaintiff") and Defendant PacifiCorp ("PacifiCorp") (each a "Party," and, collectively, the "Parties") submit the following stipulation coordinating discovery between this Case and several other cases arising out of the same wildfire consolidated in the Superior Court for the County of Sacramento under the lead case *Hitchcock, et al. v. PacifiCorp, et al.*, No. 34-2020-00290833 (the "*Hitchcock* Consolidated Cases").

The Parties jointly submit that this Case shares issues of common law and fact with the *Hitchcock* Consolidated Cases. Both this Case and the *Hitchcock* Consolidated Cases arise from the same wildfire—the 2020 Slater Fire—and involve many of the same substantive claims, including claims for negligence and inverse condemnation. The Parties anticipate that the scope of liability discovery in this Case will largely overlap with liability discovery in the *Hitchcock* Consolidated Cases.

To that end, the Parties agree and stipulate that:

1. <u>Joint deposition discovery</u>. The Parties will cooperate in the notice and taking of depositions to the maximum extent practicable, and all depositions of persons whose testimony will likely be relevant in both this Case and the *Hitchcock* Consolidated Cases should be cross-noticed for use in all such cases. Plaintiff shall have the opportunity to participate in all depositions in the *Hitchcock* Consolidated Cases, including questioning of any witness, including but not limited to any PacifiCorp witness, expert witness, plaintiff, or percipient witness, and PacifiCorp agrees that all deposition testimony from the *Hitchcock* Consolidated Cases shall be admissible to the same extent as if the deposition had proceeded in this case. Plaintiff shall also be permitted to object to any questions or testimony in any deposition that occurs in the *Hitchcock* Consolidated Cases. Plaintiff agrees that, in exchange, it will not take a separate deposition of any PacifiCorp witness deposed in the *Hitchcock* Consolidated Cases; however, Plaintiff preserves its right to seven hours of deposition testimony of witnesses as set forth under FRCP Rule 30 to be taken consecutively (i.e., the same or following day) as any deposition that occurs in the *Hitchcock* Consolidated Cases. PacifiCorp agrees that it will not take a separate deposition of any representative or employee of Siskiyou County deposed in the *Hitchcock* Consolidated Cases; however, PacfiCorp preserves its right to seven hours of deposition testimony from witnesses as set forth under FRCP Rule 30 to be taken consecutively

(i.e., the same or following day) as any deposition that occurs in the *Hitchcock* Consolidated Cases. No witness for PacifiCorp, Plaintiff, or any other party shall sit for more than ten total hours of deposition testimony absent mutual agreement, and the Parties shall coordinate with all necessary parties in the *Hitchcock* consolidated cases to ensure all depositions are completed within the ten-hour limit.  The Parties further agree to coordinate person most knowledgeable depositions between this Case and the *Hitchcock* Consolidated Cases such that all such testimony will be admissible to the same extent as if the deposition had proceeded in this case, and without duplicative examinations on the same topics.

2. <u>Joint written liability and document discovery</u>.  The Parties agree to share written liability document discovery between this Case and the *Hitchcock* Consolidated Cases, and Plaintiff shall coordinate with plaintiffs in the *Hitchcock* Consolidated Cases to propound joint pre-trial liability discovery to PacifiCorp.  To the extent written liability discovery has been served by plaintiffs in the *Hitchcock* Consolidated Case before the entry of this Stipulation, the Parties agree that the written liability discovery served by plaintiffs in the *Hitchcock* Consolidated Case shall be deemed joint for purposes of this Case. All written discovery responses served by PacifiCorp and all documents produced by PacifiCorp in the *Hitchcock* Consolidated Cases shall be admissible to the same extent as if the written discovery response or document had been served or produced in this Case.  Plaintiff agrees that, in exchange, it will not propound duplicative discovery requests, while reserving the right to serve discovery on issues specific to this Case.

3. <u>Joint third-party discovery</u>.  The Parties stipulate and agree that third-party discovery produced in the *Hitchcock* Consolidated Cases shall be admissible as if propounded or received in this Case.  The Parties agree to coordinate any necessary third-party discovery with Parties in the *Hitchcock* Consolidated Cases.

4. <u>Confidentiality</u>.  Because the protective orders in this Case and the *Hitchcock* Consolidated Cases are identical in material respects, the Parties agree that counsel in both cases shall have access to confidential documents produced under the protective orders in this Case and in the *Hitchcock* Consolidated Cases and shall follow the same procedures set forth in the respective protective orders governing confidentiality.

5. <u>Consistency of Rulings</u>.  The Parties agree that discovery disputes specific to the *Hitchcock* Consolidated Cases will be resolved through the discovery procedures available in the Superior Court for the County of Sacramento.  The Parties will not separately seek rulings from this Court on issues that arise in connection with discovery in the *Hitchcock* Consolidated Cases, including rulings related to the *Hitchcock* Consolidated Cases discovery entered prior to the date of this Stipulation.  Nothing in this agreement will prevent a Party from seeking resolution of any discovery issue unique to this Case in the United States District Court for the Eastern District of California.  If it becomes necessary, the Parties agree to seek coordination of rulings or issues between this Case and the *Hitchcock* Consolidated cases.

6. <u>Non-Waiver</u>.  This stipulation shall not constitute a waiver of any Party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information except as expressly contemplated herein.

7. <u>Future cases</u>.  This agreement may be ordered applicable to future cases filed in or removed to this Court involving the same common issues relating to the Slater Fire by consent of the parties to that case.

- 3 -
STIPULATION AND ORDER COORDINATING DISCOVERY

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED this 5th day of January, 2023.

| BARON & BUDD, P.C. | HUESTON HENNIGAN LLP |
|---|---|
| */s/ Torri Sherlin* | */s/ William Larsen* |
| John P. Fiske (SBN 249256)<br>jfiske@baronbudd.com<br>Jason Julius (SBN 249036)<br>jjulius@baronbudd.com<br>Victoria Sherlin (SBN 312337)<br>tsherlin@baronbudd.com<br>Taylor O'Neal (SBN 336077)<br>toneal@baronbudd.com<br>BARON & BUDD, P.C.<br>11440 West Bernardo Court, #265<br>San Diego, CA 92127<br>Tel. (858) 251-7424<br><br>Ed Diab (SBN 262319)<br>diab@theddcfirm.com<br>Deborah Dixon (SBN 248965)<br>ddixon@theddcfirm.com<br>Robert J. Chambers, II (SBN 244688)<br>rob@theddcfirm.com<br>DIXON DIAB & CHAMBERS LLP<br>600 W. Broadway, #1540<br>San Diego, CA 92101<br>Tel. (619) 354-2662<br><br>Attorneys for Plaintiff Siskiyou County | William Larsen (SBN 314091)<br>wlarsen@hueston.com<br>Alison L. Plessman (SBN 250631)<br>aplessman@hueston.com<br>523 W. 6th Street, Suite 400<br>Los Angeles, CA 90014<br>Tel. (213) 788-4340<br><br>Douglas J. Dixon (SBN 275389)<br>ddixon@hueston.com<br>William Larsen (SBN 314091)<br>wlarsen@hueston.com<br>620 Newport Center Drive, 13th Floor<br>Newport Beach, CA 92660<br>Tel. (949) 229-8640<br><br>Attorneys for Defendant PacifiCorp |

**ORDER**

The terms of the Stipulated Order Coordinating Discovery are hereby approved and adopted.

IT IS SO ORDERED.

DATED: March 22, 2023           /s/ DEBORAH BARNES
                                UNITED STATES MAGISTRATE JUDGE