UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SISKIYOU COUNTY,<br><br>        Plaintiff,<br><br>    v.<br><br>PACIFICORP,<br><br>        Defendant. | No. 2:22-cv-01582-DAD-DB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(Doc. No. 9, 34) |

      Plaintiff Siskiyou County initiated this civil action in the Sacramento County Superior Court on August 10, 2022. (Doc. Nos. 1 at 2; 1-1 at 2.) On September 8, 2022, defendant PacifiCorp removed the action to this federal court. (Doc. No. 1.) Defendant filed the pending motion for judgment on the pleadings on October 28, 2022. (Doc. No. 9.) Plaintiff filed its opposition to the pending motion on November 11, 2022. (Doc. No. 11.) On November 21, 2022, defendant filed its reply thereto. (Doc. No. 12.) The pending motion was referred to the United States Magistrate Judge assigned to this case for the issuance of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 on October 17, 2023. (Doc. No. 28.)

      On February 6, 2024, the magistrate judge issued findings and recommendations recommending that defendant's motion for judgment on the pleadings be denied. (Doc. No. 34.)

1

1  The pending findings and recommendations contained notice that any objections thereto were to
2  be filed within fourteen (14) days after service.  (*Id.*)  Defendant filed objections to the findings
3  and recommendations on February 20, 2024.  (Doc. No. 36.)  Plaintiff filed its response to
4  defendant's objections on March 5, 2024.  (Doc. No. 39.)

5  Defendant's objections simply reiterate the arguments made in its motion and its reply
6  brief.  (*See* Doc. Nos. 9, 12, 36.)  Because the pending findings and recommendations addressed
7  these arguments after they were made in defendant's motion and reply brief, and because all of
8  defendant's arguments are foreclosed by California law, defendant's objections provide no basis
9  upon which to reject the pending findings and recommendations.

10  In particular, the court notes the following.

11  In its objections defendant argues that it is not a public entity and that plaintiff may
12  therefore not assert an inverse condemnation claim against it.  (*See* Doc. Nos. 9 at 13–14; 36 at 5–
13  8.)  However, California law is clear that defendant is a public entity at least for purposes of an
14  inverse condemnation claim.  *See Gay Law Students Ass'n v. Pac. Tel. & Tel. Co.*, 24 Cal. 3d 458,
15  469 (1979) ("In California a public utility is in many respects more akin to a governmental entity
16  than to a purely private employer."); *Barham v. S. Cal. Edison Co.*, 74 Cal. App. 4th 744, 753
17  (1999) (holding that privately-owned public utilities "may be liable in inverse condemnation");
18  *see also Butte Fire Cases*, No. JCCP4853, 2017 WL 9832289, at *6 (Super. Ct. Cal. June 22,
19  2017) ("More specifically, under California law the proposition a privately-owned public utility
20  such as PG&E may be held liable for inverse condemnation is now solidly established.")[1].
21  Defendant argues that the California Supreme Court would now rule differently in light of a
22  decision issued by the California Public Utilities Commission on November 30, 2017.  (Doc.
23  No. 36 at 4.)  However, defendant does not cite a single decision by a California court after

---

[1] Federal courts "may consider unpublished state decisions, even though such opinions have no precedential value."  *Employers Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003); *see, e.g.*, *Stokes v. CitiMortgage, Inc.*, No. 14-cv-00278-BRO-SH, 2015 WL 709201, at *7 (C.D. Cal. Jan. 16, 2015) ("Although *Kayayan* is clearly not binding as an unpublished state trial court ruling, it is nevertheless persuasive authority . . . .").  In any event, given the clarity of California law on all relevant issues, the resolution of the pending motion does not depend upon the consideration of the unpublished state decisions cited herein.

1   November 30, 2017 suggesting such a change in the law, nor has this court found any such

2   decision.  To the contrary, California courts unanimously continue to hold that public utilities

3   such as defendant may be liable in inverse condemnation.  *See, e.g.*, *S. Cal Fire Cases*,

4   No. JCCP4965, 2018 WL 7247115, at *3–5 (Super. Ct. Cal. Oct. 4, 2018); *Wade v. S. Cal. Edison*

5   *Co.*, No. 18STCV02565, 2019 WL 9808394, at *4–5 (Super. Ct. Cal. Sept. 20, 2019);

6   *Grokenberger v. S. Cal. Edison Co.*, No. BC711795, 2020 WL 4492476, at *6 (Super. Ct. Cal.

7   July 28, 2020).

8          Defendant similarly argues that plaintiff cannot assert a claim for inverse condemnation

9   because plaintiff is not a private entity (*see* Doc. No. 36 at 8), but defendant's argument in this

10  regard is again squarely foreclosed by California law.  *See Marin Mun. Water Dist. V. City of Mill*

11  *Valley*, 202 Cal. App. 3d 1161, 1165 (1988) (holding that "a public entity whose property has

12  been damaged by another public entity suffers no less a taking merely because of its public entity

13  status"); *see also Luboff v. S. Cal. Edison*, No. BC699432, 2020 WL 4435039, at *3 (Super. Ct.

14  Cal. July 28, 2020) ("[The court's decision in *Marin*] that one public entity may sue another

15  public entity for inverse condemnation is binding on this court . . . .").  Defendant does not cite

16  any decision by a California court holding otherwise.

17         Defendant next argues that plaintiff has failed to sufficiently allege that damage to

18  plaintiff's property was "substantially caused by an inherent risk presented by the deliberate

19  design, construction or maintenance of the public improvement."  (Doc. No. 9 at 18 (quoting *City*

20  *of Oroville v. Superior Ct.*, 7 Cal. 5th 1091, 1105 (9th Cir. 2019)[2]; *see also* Doc. No. 36 at 5, 9.)

21  As explained in the pending findings and recommendations (*see* Doc. No. 34 at 9–10), however,

22  the allegations in plaintiff's complaint are sufficient to plead "substantial causation" and

23  "inherent risk" and to survive at motion to dismiss.  *See Oroville*, 7 Cal. 5th at 1106; *see also id.*

24  at 1107 ("If the public entity makes a policy choice to benefit from the cost savings from

25  declining to pursue a reasonable maintenance program, for instance, inverse condemnation

26

27  [2]  In support of this contention, defendant argues that "the County does not allege any facts to show that merely constructing 'exposed' powerlines in dry, vegetated areas creates an 'inherent

28  risk' of wildfire."  (Doc. No. 9 at 22.)

1   principles command 'the corollary obligation to pay for the damages caused when the risks

2   attending these cost-saving measures materialize.'") (citation omitted).³

3         Finally, defendant argues that plaintiff has failed to allege that the property damage itself,

4   rather than the provision of electricity, was sufficiently connected to a public use. (Doc. Nos. 9 at

5   23–25; 36 at 10–11.) Defendant's argument is again squarely foreclosed by California law. *See*

6   *Barham*, 74 Cal. App. 4th at 752 ("[C]ondemning private property for the transmission of

7   electrical power is a public use and inverse condemnation will apply.").

8         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

9   *de novo* review of the case. Having carefully reviewed the entire file, including defendant's

10  objections, the court concludes that the findings and recommendations are supported by the

11  record and by proper analysis.

12        Accordingly:

13        1.      The findings and recommendations issued on February 6, 2024 (Doc. No. 34) are

14             adopted in full; and

15        2.      Defendant's motion for judgment on the pleadings (Doc. No. 9) is denied.

16        IT IS SO ORDERED.

17  Dated:  **March 12, 2024**            *Dale A. Drozd*

18                                        DALE A. DROZD
                                      UNITED STATES DISTRICT JUDGE

---

³ Defendant argues that plaintiff does not expressly allege in its complaint any such policy choice to benefit from cost savings. (*See* Doc. Nos. 12 at 8; 36 at 5.) Defendant is incorrect in this regard. (*See* Doc. No. 1-1 at 22) ("The Slater Fire was the result of Defendants' practice of prioritizing profits over safety . . . .").